THE STATE v. ANDERSON, *Appellant.*

Division Two, February 12, 1895.

1. **Practice, Criminal**: CROSS-EXAMINATION OF DEFENDANT. The ruling in the case of *State v. Avery*, 113 Mo. 475, as to the cross-examination of a defendant in a criminal cause approved.

2. **Criminal Law**: REPUTATION OF DECEASED: INSTRUCTION. Where on a trial for murder, there is evidence that the deceased's reputation was that of a quarrelsome and turbulent man, it is proper to instruct the jury that it is in law the same offense to kill a bad man as to kill a good one.

3. ————: MURDER: AGREED COMBAT: USE OF DEADLY WEAPON: MALICE. Where a party, under color of fighting upon equal terms, prepares and uses a deadly weapon on his unarmed adversary, causing the death of the latter, he is guilty of murder at common law and of murder of the first degree under the statute, such acts showing express malice.

4. ————: CHANGE OF VENUE: ARGUMENT OF COUNSEL. It is not error for the prosecuting attorney, in argument to the jury in a criminal cause, to comment upon the fact of defendant having taken a change of venue, where defendant's counsel had previously stated in argument why the change had been taken.

*Appeal from Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*A. McElhinney* for appellant.

(1)	The court erred in permitting the prosecuting attorney to cross-examine the defendant upon matters not brought out in the direct examination, against the objections of the defendant. *State v. McGraw*, 74 Mo. 573: *State v. Porter*, 75 Mo. 177; *State v. Turner*, 76 Mo. 350; *State v. Anderson*, 88 Mo. 88; *State v. Berning*, 91 Mo. 82.. (2) The state, in its cross-examination, drew out of defendant the fact that the defendant was the second time assaulted by deceased at the very moment that defendant fired the fatal shot, and yet the court failed to predicate an instruction upon the evidence of the defendant as to said second assault. *State v. Anderson*, 86 Mo. 309; *State v. Banks*, 73 Mo. 582; *State v. Branstetter*, 65 Mo. 149; *State v. Read*, 71 Mo. 200. (3) The prosecuting attorney, in his closing speech, commented on facts not in evidence in the case, and the court erred in permitting him to proceed in the line of argument, after objections had been made by the defendant, attributing the same to the improper remarks of defendant's counsel. Two wrongs can never. make a right. *State v. Degonia*, 69 Mo. 485; *State v. Johnson*, 76 Mo. 121. In the eighth instruction given by the court, the following appears: "Yet they should consider that in law it is the same offense to kill a bad man as to kill a good one." This might have been said by a prosecuting attorney to a jury, but never should appear in an instruction. It is argumentative, inconsistent with the other instructions, confusing and misleading. It entirely destroys any consideration by the jury of good character of the defendant, or of bad character of deceased, and makes a distinction between evidence of facts and evidence of .character. *State v. McNally*, 87 Mo. 644; *State v. Underwood*, 76 Mo. 630. (4) Defendant testified that

he was afraid of deceased, who had threatened his life, and the court erred in failing to instruct the jury upon this evidence.

*R. F. Walker*, Attorney General, for the state.

(1) Defendant complains that the court admitted illegal and incompetent testimony offered upon the part of the state. This allegation is not supported by the record, and, as allegations in the motion for new trial do not prove themselves (*State v. Welsor*, 117 Mo. 370; *State v. Foster*, 115 Mo. 448), the suggestion will not be considered. The same is true of the second assignment of error in defendant's motion for new trial that "the court refused legal and competent testimony offered by defendant." (2) The court had the right to interrogate the witness as to the facts connected with the homicide. (3) Nor is there reversible error in the closing remark of the prosecuting attorney. The remarks were entirely legitimate. The record recites the fact that the appellant's counsel had argued to the jury the matter of the defendant's taking the change of venue, had repeatedly boasted to them that the reasons for doing so were to enable them (defendant), to show the reputation of deceased and defendant. Thus they invited the comment or answer of the prosecuting officer, who would have been derelict in the discharge of his duty had he not so answered defendant's counsel. It is respectfully insisted that the state has the right to comment upon the fact that defendant changed the venue of the cause from the county in which he lives. Defendant will not, however, be heard to complain, even though error was committed, for it was at his invitation and instigation. (4) The instructions given by the court properly declared the law applicable to the case and those refused were repeti-

tions of others given or did not correctly declare the law.

SHERWOOD, J.—From a verdict finding him guilty of murder in the second degree, and assessing his punishment at ten years in the penitentiary, and judgment accordingly, defendant appeals to this court.

Briefly told, the facts presented in the record are, in substance, these: On February 8, 1893, the defendant and deceased, Lincoln Smith, met at the store of Henry Wetzel, at Gumbo, St. Louis county, Missouri. Defendant was in the rear of the store at the stove when Smith came in and asked defendant for some tools. Defendant replied that he "didn't have them," and Smith said, "You stole part of those tools and I will prove it, too, that you stole them." Defendant said "You are a damned liar." Smith then walked around the stove and struck defendant. Wetzel, the proprietor, who was present, said, "No fighting in here;" whereupon defendant invited Smith outside, which invitation was accepted, Smith going out first with defendant close behind him.

As defendant passed by witness Yarnell he cocked his revolver, and, upon reaching the door, shot Smith, who was then facing him. Smith then turned around and defendant immediately fired again, shooting Smith the second time in the back. Smith staggered over to a blacksmith shop, where in a very few minutes he died from the wounds received. He was unarmed, and did nothing after striking the blow in the house to justify the killing.

Defendant testified in his own behalf, claiming that he shot Smith because he was afraid he was going to the blacksmith shop to get his gun; also that he shot him because, when they reached the outside, Smith

VOL. 126—35

again assaulted him, struck him, knocking him over against the door and injuring his back. In these statements defendant is not only uncorroborated by any witness, but is contradicted by every witness to the homicide. Defendant's witnesses testified to the good reputation of the defendant and the bad reputation of Smith.

The court, of its own motion, gave the usual instructions, defining murder in the second degree and its punishment and the facts which constitute it, and the presumption of law arising from intentionally killing a man with a deadly weapon; manslaughter in the fourth degree, the constitutive facts of that crime and the punishment therefor; self-defense and what composes it. Then instructions were given as to reasonable doubt, the presumption of innocence, as to good character of defendant, and as to credibility of witnesses, including the defendant. Certain instructions were asked by defendant, but, being embraced in those given, were refused by the court.

I. We find nothing in the record showing that the prosecuting attorney was allowed to cross-examine defendant as to matters not testified to by him in his examination in chief. But, if the prosecuting officer was permitted thus to examine defendant, the rule announced in *State v. Avery*, 113 Mo. 475 would apply.

II. It is objected that the eighth instruction is improper in that it contains these words: "Yet they should consider it is the same offense to kill a bad man as to kill a good one." These words do but assert a legal truism, and were properly given to the jury, because there was evidence showing that Smith was a man of bad reputation for being of a turbulent character, though at the time he was shot he was wholly unarmed; nor was it shown that he had any gun at the blacksmith shop. The testimony of defendant as to

Smith's giving him a second blow at the door and that he was afraid Smith was going over to the blacksmith shop is evidently an afterthought of defendant's, made use of to palliate the enormity of his crime.

He invites Smith to go outside, evidently to fight, and, while Smith is going toward the door, defendant following him, cocks his pistol, so as to have an undue advantage in the expected fisticuff fight. Where a party under a color of fighting upon equal terms, prepares and uses a deadly weapon on his unarmed adversary, thus causing the death of the latter, he is guilty of a murder at the common law, and of murder in the first degree under our statute, because such acts show express malice. *State v. Christian*, 66 Mo. 138; 1 Whart. Crim. Law [9 Ed.], secs. 474, 476. Defendant may, therefore, congratulate himself on being the recipient of so light a sentence for his crime.

III. Complaint is also made that the prosecuting attorney, against defendant's objections, was permitted by the court to comment on the fact of defendant's having taken a change of venue. Ordinarily, perhaps, it would seem that such officer should not comment on a change of venue having been taken, but, in the circumstances of the present case, it does not constitute reversible error, because the fault lies with defendant's counsel, who in their address to the jury had repeatedly boasted to the jury that they had taken a change of venue from St. Louis county in order to enable them to show the reputation of defendant and of the deceased and of the state's witnesses.

Finding no sufficient ground for reversing the judgment, we affirm it, and direct the sentence pronounced to be executed. R. S. 1889, sec. 4286.